UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHAZ O. GULLEY,
    Plaintiff,

v.

BUJNICKI, et al.,
    Defendants.

No. 3:19-cv-903 (SRU)

**ORDER OF DISMISSAL**

Chaz O. Gulley, currently confined at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983, principally alleging that the defendants used excessive force against him while he was confined at Northern Correctional Institution. *See* Compl., Doc. No. 1, at ¶ 1. On June 24, 2019, I entered an Initial Review Order, describing the institutional grievance procedure that Gulley was required to exhaust before commencing this action. *See* Initial Review Order, Doc. No. 10, at 5–7. Because Gulley had filed the instant complaint before a response to his Level 2 grievance appeal was due, I directed him to show cause within twenty days why the complaint should not be dismissed for failure to exhaust administrative remedies, and noted that failure to provide sufficient reasons will result in the dismissal of the complaint. *Id.* at 8.

In his response to the order, Gulley conceded that he filed his complaint prematurely. *See* Response, Doc No. 11, at ¶ 1 ("plaintiff apologizes to the court for not properly exhausting his administrative remedies before filing complaint"), ¶ 3 ("in his eagerness to bring this case to the court, [Gulley] prematurely filed complaint to this court due to his impatient with the

deliberate stalling of the exhaustion process"). Gulley also submitted a copy of the Level 2 grievance form, which indicated that the grievance appeal was decided on July 25, 2019, over a month after Gulley's complaint was received. *See* Doc. No. 12, at ¶ 2.

Prisoners are required to exhaust administrative remedies before filing a federal lawsuit related to prison conditions. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). An incarcerated individual's failure to exhaust administrative remedies is only excusable if the remedies are not available, which has not been alleged here. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016).

Although failure to exhaust administrative remedies is an affirmative defense, a court may dismiss a complaint for failure to state a claim when the complaint demonstrates that the plaintiff did not satisfy the exhaustion requirement. *See Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (citing *Jones*, 549 U.S. at 215). Here, Gulley's failure to exhaust administrative remedies was evident from the face of the complaint, because the complaint stated that Gulley submitted his Level 2 appeal form on May 15, 2019, Compl., Doc. No. 1, at ¶ 37, and the complaint was filed on June 11, 2019 – before a response to the appeal was due. *See* Administrative Directive 9.6, Inmate Administrative Remedies, State of Connecticut Department of Corrections at (6)(K), http://portal.ct.gov/-/media/DOC/Pdf/Ad/ad0906pdf.pdf (giving Level 2 reviewers thirty business days to respond).

For the foregoing reasons, Gulley's complaint is dismissed. If Gulley wishes to pursue these claims, he may do so by filing a new action.

So ordered.

Dated at Bridgeport, Connecticut, this 27th day of January 2020.

/s/ STEFAN R. UNDERHILL  
Stefan R. Underhill  
United States District Judge